IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID CHRISTOPHER LEE WALTON,

           Plaintiff,

    v.

STAN HENDERICKSON, RYAN HALLMAN
and PATRICIA FISH,

           Defendants.

OPINION AND ORDER

17-cv-956-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner David Walton is proceeding on claims under the Fourteenth Amendment that defendants Ryan Hallman and Patrica Fish denied him access to adequate medical treatment and that defendants Stan Hendrickson, Hallman and Fish subjected him to unconstitutional conditions of confinement when he was incarcerated at the Monroe County jail in 2015. Now before the court are defendants' motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing suit and their alternative motion for judgment on the pleadings on the ground that plaintiff has alleged only a *de minimis* physical injury. Dkt. ##15, 16. For the reasons explained below, I am denying both of defendants' motions.

OPINION

A. Exhaustion

1

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). In determining whether a plaintiff is a prisoner, courts look to the plaintiff's status at the time he brought his suit. Witzke v. Femal, 376 F.3d 744, 750 (7th Cir. 2004). Because plaintiff admits that he was incarcerated at the Monroe County jail when the alleged incidents occurred and at the Waupun Correctional Institution at the time he filed his lawsuit, he was a prisoner within the meaning of the statute.

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. Because failure to exhaust is an affirmative defense, it is up to defendants to establish that plaintiff had available remedies that were not exhausted. Jones v. Bock, 549 U.S. 199, 216 (2007); Wilder v. Sutton, 310 Fed. Appx. 10, 13 (7th Cir. 2009).

2

The facts related to exhaustion are not in dispute. When plaintiff was booked into the jail on June 12, 2015, he received a copy of the "Monroe County Jail Inmate Handbook," which informs inmates that they can submit an "inmate request form" for "information about the jail, release dates, notary services, jail services, etc." Dkt. #19, exh. #3 at 11. The handbook further states that "[a]ll requests will first be answered by line staff when possible. If line staff cannot answer the request, it will then be forwarded up the chain of command to a Sergeant, Lieutenant, Chief Deputy and finally the Sheriff." Id. Under the heading "Grievance Forms," the handbook provides that each "inmate grievance form" must be limited to one topic when possible. Id. The handbook does not provide an appeal process or next steps with respect to grievances.

On June 23, 2015, plaintiff was disciplined for a major violation for refusing his assigned jail location and making threats. He waived his right to a hearing and did not appeal the determination of discipline. Defendant Fish imposed eight days' discipline on plaintiff to be served in a holding cell, beginning on June 24, 2015. Plaintiff was confined for four days in a holding cell and another four days in a cell in a general population block of the jail, for a total of eight days, and allowed out of his cell for one hour each day. In addition, plaintiff's personal belongings and mattress were removed from his cell for several hours each day. (Plaintiff says the items were removed for 15 hours a day. Defendants say it was 12 hours a day, which is consistent with Wis. Admin. Code § DOC 350.)

On June 29, 2015, plaintiff submitted a grievance form to jail staff, complaining that he had not received mental health treatment since he had attempted suicide on June 17,

3

2018, and that he was placed in an unsanitary holding cell for four days during which time he was not provided clean clothing, cleaning supplies or a mattress. Defendant Fish responded in a letter dated July 1, 2015, stating that plaintiff had been seen by a mental health worker and medical professionals on June 17, 18 and 22, 2015, that he had been provided clean bedding and a uniform on June 18 and 20, 2015, that he is entitled to cleaning supplies and that she would address with staff the fact that plaintiff may have missed a sheet and uniform exchange when he began his disciplinary cell confinement on June 24, 2015. Fish also stated generally at the end of the letter that plaintiff should "fill out the appropriate form" if he had any more questions or concerns.

Defendants argue that plaintiff did not exhaust his administrative remedies with respect to his medical care or conditions of confinement claims because even though he filed a grievance form on June 29, 2015, he did not file any additional grievance, inmate request form or other type of written communication with jail staff after hearing what he apparently considered to be an inadequate or incorrect response from Fish on July 1, 2015. Plaintiff argues in response that defendant Fish said she would address the situation with other staff so there was no reason to file any additional grievances because they "would be repetitive and premature." He also says he was moved to another cell so there was no way for him to know whether Fish followed through on her promise to address the clean bedding and clothing issue with staff. Finally, plaintiff correctly points out that the jail does not have an appeal process for inmate grievances and it does not instruct prisoners what to do after they have filed a grievance about a problem.

4

The United States Supreme Court has made clear that prisoners "must file an administrative grievance and, if the resolution of that grievance is unsatisfactory to them, they must exhaust available administrative appeals." Woodford v. Ngo, 548 U.S. 81, 105 (2006). However, "[w]hen the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). See also Wilder, 310 Fed. Appx. at 15 (citing id.) ("In the absence of more specific requirements in the grievance procedure, the exhaustion requirement is modest: prisoners must only put responsible persons on notice about the conditions about which they are complaining.").

In this case, plaintiff properly raised his concerns in a grievance pursuant to the jail's policy. A reasonable jury considering defendant Fish's response would construe it as a denial of plaintiff's grievance; although Fish admitted there may have been some delay with getting plaintiff clean bedding and clothing, she refuted plaintiff's contentions of lack of medical treatment and the availability of cleaning supplies. Additionally, although Fish told plaintiff that she would raise the matter of clean clothing and bedding with staff, she did not offer plaintiff any further resolution. Fish told plaintiff to submit another "appropriate form" if he had further concerns or questions, but because the issues that plaintiff had raised were no longer continuing, it was reasonable for him to conclude that Fish had made a decision and would not change her mind.

Moreover, there were no other obvious remedies available to plaintiff: the jail did not provide a process for appealing Fish's decision, and defendants have not pointed to any

process requiring plaintiff to file multiple grievances about the same issue. When prison officials fail to "clearly identif[y]" the proper route for exhaustion, they cannot later fault the prisoner for failing to predict the correct choice. Westefer v. Snyder, 422 F.3d 570, 580 (7th Cir. 2005). Plaintiff did all that he could be reasonably expected to do under the circumstances. "[O]nce a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013) (Even in cases in which objectionable condition is continuing, "prisoners need not file multiple, successive grievances raising the same issue" to exhaust their remedies.). Accordingly, I find that plaintiff's grievance was sufficient to exhaust his administrative remedies with respect to both of his claims in this case.

B. Motion for Judgment on the Pleadings

Defendants contend that plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(c) because he has failed to allege any more than a *de minimis* physical injury—specifically that he was in pain when he was forced to sit and lie on the concrete floor. They rely on 42 U.S.C. § 1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, defendants' argument is misplaced.

The Court of Appeals for the Seventh Circuit has held that "despite the opening clause of § 1997e(e)[,] the statute does not block the filing of actions and permits the physical injury to be shown while the suit is under way." Wheeler v. Talbot, 695 Fed. App'x

151, 153 (7th Cir. 2017) (statute "cannot logically be understood as forbidding the initiation of suit until physical injury has been demonstrated"). Moreover, the statute does not make physical injury a precondition to the award of punitive damages, which plaintiff also seeks in this case. Smith v. Peters, 631 F.3d 418, 421 (7th Cir. 2011) (explaining that prison officials who violate prisoner's Eighth Amendment rights "are subject to those remedies that are not barred by section 1997e(e)—injunctive relief of course . . . but also nominal and even (most courts have ruled) punitive damages."); Calhoun v. DeTella, 319 F.3d 936, 941 (7th Cir. 2003) ("Although § 1997e(e) bars plaintiff from recovering compensatory damages for mental and emotional injuries suffered, the statute is inapplicable to awards of nominal or punitive damages for the Eighth Amendment violation itself."). Accordingly, defendants' motion for judgment on the pleadings will be denied.

ORDER

IT IS ORDERED that the motion for summary judgment, dkt. #15, and the motion for judgment on the pleadings, dkt. #16, filed by defendants Stan Hendrickson, Ryan Hallman and Patrica Fish are DENIED.

Entered this 19th day of September, 2018.

BY THE COURT:

/s/_____
BARBARA B. CRABB
District Judge