IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID CHRISTOPHER LEE WALTON,

                                                               OPINION AND ORDER

                  Plaintiff,

                                                                17-cv-956-bbc

    v.

LIEUTENANT STAN HENDRICKSON,
SERGEANT RYAN HALLMAN and
SERGEANT PATRICA FISH,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner David Walton is proceeding on Fourteenth Amendment claims that staff at the Monroe County Jail failed to provide him access to medical treatment and subjected him to unconstitutional conditions of confinement while he was incarcerated on a probation hold in June 2015. Before the court is defendants' motion to compel plaintiff to: (1) identify every health care provider who treated, evaluated or examined plaintiff in the past 10 years and specify the dates and reasons that he was seen (interrogatory no. 5); (2) identify every health care provider who treated plaintiff for the injuries alleged in his complaint for which he is seeking compensation (interrogatory no. 6); (3) identify any correctional institutions or facilities at which plaintiff was ever incarcerated (interrogatory no. 9); and (4) provide a signed medical authorization form for the Vernon County Detention Center, where plaintiff was housed before being transferred to the Monroe

County jail in June 2015. Dkt. ##43, 44. For the reasons below, I am granting the motion in part and denying it in part.

OPINION

Although plaintiff concedes that his medical information and records related to the health issues described in his complaint (including depression, anxiety, post traumatic stress disorder, bipolar mood disorder, suicide attempts and a nerve condition) are relevant, he objects to defendants' discovery requests on the ground that they are overbroad. In particular, he says that he should not be required to produce records dating back 10 years or records related to health conditions that are not the subject of his complaint. I also note that the release that defendants are asking plaintiff to sign asks for records, test results, imaging studies, bills, invoices and other documents related to all of plaintiff's physical, mental or emotional illnesses, as well as information "relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV), treatment for illness caused by mental or emotional illness, and alcohol and drug abuse." Dkt. #44, exh. 1. The form does not identify a date range for the records to be produced. (It is possible that plaintiff was incarcerated at the Vernon County Detention Center for only a short period prior to his transfer to the jail in June 2015, but this is not clear from the complaint or the parties' submissions.)

I agree with plaintiff that defendants' requests are overbroad. Records related to sexually transmitted diseases, drug and alcohol abuse or treatment or HIV and AIDS have no potential relevance to this case. Similarly, records related to plaintiff's physical illnesses, with the exception of his nerve condition, are not likely relevant unless plaintiff is alleging that defendants physically injured him or contributed to an existing physical injury of his in some way. However, defendants are entitled to review plaintiff's mental health records because plaintiff is seeking damages for emotional distress. Because plaintiff intends to try to show that defendants' alleged conduct harmed his mental health and made his mental illnesses worse, he must allow defendants access to records that could help prove or disprove those allegations. A party who makes an allegation opens the door to the other side to review documents related to that allegation. Estate of DiPiazza v. City of Madison, 2017 WL 1828920, at *4 (W.D. Wis. May 5, 2017) ("A party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues.") (internal quotations omitted). In addition, defendants are entitled to medical information and records related to any mental, physical or emotional illness or condition for which plaintiff alleges that defendants denied him treatment or for which plaintiff seeks compensation.

That said, medical information and records dating back 10 years seems excessive in this case. Neither party proposes a more reasonable date range for the discovery, but I will start by requiring defendants to limit the scope of their requests from June 2013 to the present. (Records post-dating the events in question are relevant because plaintiff alleges

3

that he suffered lasting health effects as a result of defendants' actions.) Accordingly, defendants should modify the scope of interrogatories nos. 5 and 6 and prepare a new release form that clarifies a date range and omits the irrelevant records identified above.

Finally, defendants have not explained how plaintiff's complete history of incarceration is relevant to his claim that he was treated with deliberate indifference at the jail during June 2015. Therefore, defendants' motion to compel plaintiff's response to interrogatory no. 9 will be denied.

ORDER

IT IS ORDERED that defendants' motion to compel, dkt. #43, is GRANTED in part and DENIED in part:

1. Defendants have until November 5, 2018 to modify the scope of interrogatories nos. 5 and 6 and the Vernon County Detention Center medical release form in accordance with this opinion. Plaintiff has until November 19, 2018 to respond to the modified interrogatories nos. 5 and 6 and sign the new release form.

2. Defendants' motion to compel is DENIED in all other respects.

Entered this 26th day of October, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge